EDNA B. LEVINE et al., Appellants, *v.* RUSSELL BLAINE COMPANY, Respondent.

Argued March 9, 1937; decided March 23, 1937.

*Samuel M. Zuckerman* and *Mildred Zuckerman* for appellants. The defendant was negligent in providing for the use of its tenants a rough and coarse handrope which was entirely covered with stiff bristles, slivers, splinters and other dangerous particles which protruded through and extended from the surface layers thereof and which was exposed and in no wise protected by any cover or precautionary measure so that when touched it would prevent any sliver, bristle or other part of the rope from pricking or lacerating the skin and causing damage and in permitting the dangerous and defective rope and the condition it was in to exist for a period of two months prior to the accident. (*Sellers* v. *Dempsey,* 26 App. Div. 22; *Rosen* v. *Potterbaum,* 151 App. Div. 713; *Nadel* v. *Fichten,* 34 App. Div. 188; *Albert* v. *Wachsman,* 169 N. Y. Supp. 138; *Harkin* v. *Crumbie,* 14 Misc. Rep. 439; *Toitman* v. *Roosin,* 166 N. Y. Supp. 821; *Knupfle* v. *Knickerbocker Ice Co.,* 84 N. Y. 488; *Deane* v. *Stegherr,* 160 N. Y. Supp. 1113.) The accident was foreseeable. (*Hall* v. *N. Y. Tel. Co.,* 214 N. Y. 49; *Condran* v. *Park & Tilford,* 213 N. Y. 341; *Lowery* v. *Manhattan Ry. Co.,* 99 N. Y. 158; *Metallic Comp. Casting Co.* v. *Fitchburg,* 109 Mass. 277; *Ramsey.* v. *Carolina-Tenn. Power Co.,* 143 S. E. Rep. 861; *Hollidge* v. *Duncan,* 199 Mass. 121; *Wagner* v. *International Ry. Co.,* 232 N. Y. 176.) The trial court erred in excluding expert testimony as to the general custom concerning the use of handropes and all expert testimony concerning the nature, texture and use of handropes. (*Gorthc* v. *Ruppert,* 264 N. Y. 290; *Shannahan* v. *Empire Engineering Corp.,* 204 N. Y. 543; *Rich* v. *Pelham Hod Elevating Co.,* 23 App. Div. 246; *Jarvis* v. *Brooklyn Elevated R. R. Co.,* 16 N. Y. Supp. 96; 133 N. Y. 623; *Jenks* v. *Thompson,* 179 N. Y. 20.)

*H. H. Brown* and *E. C. Sherwood* for respondent. There was no evidence from which negligence on the defendant's part could be inferred. (*Naffky* v. *Yosovitz,* 268 N. Y. 118; *Burke* v. *Witherbee,* 98 N. Y. 562; *McKinney* v. *N. Y. Consolidated R. R. Co.,* 230 N. Y. 194;

*Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117; *Vandenberg* v. *Reiss Construction Co.*, 263 N. Y. 500; *Glasier* v. *Town of Hebron*, 131 N. Y. 447; *Cleveland* v. *New Jersey Steamboat Co.*, 125 N. Y. 299; *Loftus* v. *Union Ferry Co. of Brooklyn*, 84 N. Y. 455; *Demjanik* v. *Kultau*, 242 App. Div. 255; *Polsey* v. *Waldorf-Astoria, Inc.*, 220 App. Div. 613; *Rowley* v. *Newburgh Light, Heat & Power Co.*, 151 App. Div. 65; *MacRae* v. *Chelsea Fibre Mills*, 145 App. Div. 588.) The trial court did not err in excluding expert testimony concerning the use of hand-ropes. (*Ryan* v. *Cortland Carriage Goods Co.*, 133 App. Div. 467; *Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *Burke* v. *Witherbee*, 98 N. Y. 562; *Bennett* v. *Long Island R. R. Co.*, 163 N. Y. 1; *Sweeney* v. *B. & J. Envelope Co.*, 101 N. Y. 520; *Chaffee* v. *Erie R. R. Co.*, 140 App. Div. 38; *Paul* v. *Consolidated Fireworks Co.*, 133 App. Div. 310; *Cleary* v. *Dietz Co.*, 222 N. Y. 126; *Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188.)

*Per Curiam.* In a tenement house, maintained by the defendant, the hand rope used by the tenant in operating a dumbwaiter was, according to the testimony, dirty and rough. Stiff bristles or slivers protruded from the rope. While the plaintiff Edna Levine was using the rope, a stiff piece of fibre cut her finger. Infection developed and amputation of the arm followed. The Appellate Division has reversed a judgment rendered against the defendant for the consequent damages and has dismissed the complaint.

Ordinarily the fitness of a rope for a particular use and possibility of danger arising in such use depends upon its tensile strength rather than upon any other qualities. We are agreed that *upon this record* the plaintiffs failed to prove that a reasonable man would have foreseen or guarded against the risk of injury to his tenants from bristles or slivers of the rope as described by the witnesses, or even as shown by the part which the plaintiffs offered in evidence. A more doubtful question is whether the plaintiffs were prevented from supplying the necessary

proof by the erroneous exclusion of evidence intended to show a general custom or practice to equip dumbwaiters with ropes which do not develop any bristles, slivers or splinters, and of expert evidence concerning the nature and qualities of rope.

We have said that " General usage or custom may be shown in order to establish a standard of construction and equipment. When a question of negligence is involved the general usage or practice is competent to show either ordinary care or the failure to exercise such care. (*Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543.) One is not obliged, however, to use the best methods or to have the best equipment or the safest place, but only such as are reasonably safe and appropriate for the business." (*Garthe* v. *Ruppert*, 264 N. Y. 290, 296, opinion by CRANE, J.)

A smoother rope might have advantages other than greater safety. Its customary use might be due to these advantages, and might not show a general recognition that risk of injury would arise from use of a rougher rope. Proof of such custom or practice would then be insufficient, standing alone, to show negligence on the part of an owner who made other choice; but the chain of proof might, in this case, have been completed if evidence of customary use of a different rope had been supplemented by expert evidence explaining how and why one kind of rope may cause a foreseeable risk of injury which others customarily avoid by choice of a rope of a different kind. Perhaps even if the plaintiffs' proffered evidence had been admitted it would still have been true that no reasonable inference could be drawn that the defendant was negligent, but the rulings at the trial unduly hampered the plaintiffs in the presentation of their case.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.