JOHN REGAN, Appellant, v. EIGHT TWENTY FIFTH CORPORATION, Respondent.

Argued June 19, 1941; decided December 4, 1941.

*Thomas A. McKennell, Aaron Goody, Manville H. Abramson* and *Junius P. Abramson* for appellant. The expert testimony as to custom and usage was properly received. (*Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Garthe* v. *Ruppert*, 264 N. Y. 290; *Levine* v. *Blaine Co.*, 273 N. Y. 386; *Miele* v. *Rosenblatt*, 164 App. Div. 604; 221 N. Y. 567; *Employers Liability Assur. Corp.* v. *Wagner*, 215 App. Div. 566.) The issue of whether there was negligence in failing to have a stopping device on the elevator was one of fact and was properly submitted to the jury. (*Munsey* v. *Webb*, 231 U. S. 150; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Robert* v. *United States Shipping Board Emergency Fleet Corp.*, 240 N. Y. 474; *Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317; *Condran* v. *Park & Tilford*, 213 N. Y. 341; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Sweet* v. *Perkins*, 196 N. Y. 482; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310.)

*Francis J. McLoughlin, James J. McLoughlin* and *John J. Kirwan* for respondent. The complaint was properly dismissed in any event, inasmuch as the defendant could not be held liable merely upon proof of the happening of an unforeseeable accident. (*Lane* v. *City of Buffalo*, 232 App. Div. 334; *Collins* v. *Noss*, 258 App. Div. 101; *DeSalvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333; *Garthe* v. *Ruppert*, 264 N. Y. 290; *Burke* v. *Wetherbee*, 98 N. Y. 562; *Dougan* v. *Champlain Transp. Co.*, 56 N. Y. 1; *McGrell* v. *Buffalo Office Bldg. Co.*, 153 N. Y. 265; *Lane* v. *City of Buffalo*, 232 App. Div. 334; *Larkin* v. *O'Neill*, 119 N. Y.

221.) The expert testimony as to an alleged custom and usage of a more modern method of elevator operation was improperly received. (*McKinney* v. *N. Y. Consolidated R. R. Co.*, 230 N. Y. 194; *Levine* v. *Blaine Co.*, 273 N. Y. 386.)

CONWAY, J. The plaintiff was injured while using an open-platform elevator which operated between the courtyard of defendant's premises and the basement and sub-basement levels of defendant's adjacent apartment building. He was using the elevator to bring up from the basement to the courtyard a " dolly," or low-setting platform on wheels, bearing three empty cans in which he had carried sand from the courtyard to an upper floor of the building where his employer was engaged in completing a plastering contract. Defendant had supplied the cans and the dolly and had directed their use for the transportation of the sand.

Plaintiff was standing on the elevator platform behind the dolly. He had started the elevator by pulling on the hand rope which set it in motion and by which, when it could be grasped, the elevator could be stopped. That hand rope was in the elevator shaft, but was not attached to the elevator. When pulled, it started or stopped electrically-operated machinery for the upward or downward movements of the elevator. The hand rope ran over a pulley or sheave which was so located in the shaft that the hand rope could not be reached by one riding on the elevator during the final four feet, eight inches, of the ascent. In other words, for that distance on an ascending trip the operator was upon an elevator which it was not possible for him to stop, no matter what was occurring thereon.

On the trip upon which the plaintiff was injured the elevator shook in its ascent; one of the cans toppled forward and was caught under the rough stone wall; the pressure caused the dolly to be pushed against plaintiff. He turned to grasp the hand rope, but the elevator had reached such a height that there was not enough of it exposed between the platform and the pulley to permit of its seizure. Plain-

tiff's legs were forced over the end and side of the platform and were crushed between the elevator and the shaft walls.

Plaintiff introduced uncontradicted opinion testimony to the effect that there were two safety devices in general customary use in the community upon elevators of the type involved. One consisted of " key switches " which enable an operator to stop such an elevator in emergencies. The other was the installation of metal sides upon the elevator. The trial judge submitted to the jury the question whether such general custom and usage existed, whether the failure to comply with such usage and custom constituted a failure to exercise reasonable care under the circumstances here presented, and whether such failure was the direct proximate cause of the injury. By its verdict the jury resolved those questions in plaintiff's favor. The admission of the testimony and the charge thereon was correct. (*Garthe* v. *Ruppert*, 264 N. Y. 290, 296.) It cannot be said as a matter of law that there was no evidence from which the jury could infer that the absence of a stopping device or the absence of metal sides upon the elevator was the proximate cause of the accident. It was, therefore, error to reverse the judgment upon questions of law and to dismiss the complaint.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgment accordingly.