ROSE LERNER et al., Appellants, v. SEARS, ROEBUCK AND COMPANY, Respondent.— In an action to recover damages for personal injuries and loss of services

and for medical expenses incident thereto, alleged to have been caused by respondent's negligence in failing to equip a heavy door at the entrance to its shipping department with a door check, or other safety device, the trial court, having reserved decision on respondent's motion to dismiss, made at the close of appellants' case, and at the end of the entire case, granted such motions, after a disagreement by the jury. During the course of the trial, appellants offered evidence tending to establish a universal custom or usage to equip such doors with safety devices. This evidence was excluded on respondent's objection. While the questions by which the evidence was offered were not well framed, there was no objection on that ground, and the evidence was apparently excluded on the theory that there was no claim that the doors in question had been constructed in violation of the provisions of the Building Code of the City of New York. In our opinion, the exclusion of such evidence was error, which affected appellants' substantial rights. (Cf. *Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y. 282; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Regan* v. *Eight Twenty Fifth Corp.*, 287 N. Y. 179.) Judgment in favor of respondent reversed on the law and a new trial granted, with costs to appellants to abide the event. Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ., concur.