MAE GRIES, as Administratrix of the Estate of LAWRENCE E. GRIES, Deceased, Appellant, v. LONG ISLAND HOME LIMITED, Respondent.— In an action to recover damages for the death of appellant's intestate, alleged to have been caused by the negligence of respondent, appellant appeals from a judgment in favor of respondent, entered on an order, made on trial before the court and a jury, dismissing appellant's complaint on motion of respondent, at the close of appellant's case. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appellant's intestate, while a patient at a hospital or sanitarium conducted by respondent, committed suicide. Appellant claimed that respondent was responsible for her intestate's death because, although aware of intestate's suicidal tendencies, respondent negligently left him unattended.· During the course of the trial evidence was admitted, over objection by respondent, as to conversations with a Dr. Rolle, involving information given to him as to decedent's mental condition, and as to the circumstances surrounding decedent's death. A motion to strike this testimony from the record on the ground that the scope and extent of Dr. Rolle's authority to bind respondent had not been established, was denied. We do not, on this appeal, determine whether or not this evidence should have been admitted, or whether or not respondent's motion to strike it from the record should have been granted. The evidence, whether competent or not, is in the record, and we are not at liberty to disregard it in reviewing the judgment appealed from. (*Flora* v. *Carbean*, 38 N. Y. 111, 113; *Saranac & Lake Placid R. R. Co.* v. *Arnold*, 167 N. Y. 368, 371; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14, 21.) In our opinion, the evidence adduced by appellant was sufficient to establish a prima facie case. (Cf. *Martindale* v. *State of New York*, 269 N. Y. 554; *Noseworthy* v. *City of New York*, 298 N. Y. 76.) Nolan, P.J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

In the Matter of the Application of NICK ASSIMENIOS, Respondent, against CITY OF NEW YORK, Appellant.— Respondent was injured while working as a painter on the roadbed of a city-owned railroad, and it is claimed that the injuries were caused by the negligence of the city's flagmen. Respondent did not serve a notice of claim within sixty days after the claim arose, as required by section 50-e of the General Municipal Law (L. 1945, ch. 694, § 1). He was in and out of hospitals until about eighteen days after the accident, and thereafter remained at home except for visits to his doctor and to his attorney. This application for leave to serve the notice after the expiration of the sixty-day period was made more than five months after the accident, and the application was granted. Order reversed on the law and the facts, without costs, and the motion denied, without costs. There is evidence that respondent suffered a dislocated shoulder blade and injuries to his chest. And testimony was given at the hearing herein that he suffered a brain concussion. There is no showing that respondent was so incapacitated, within the sixty-day period following the accident, that he was unable to serve a notice of claim sworn to by him or by someone on his behalf. Nolan, P.J., Carswell, Johnston, Adel and Sneed, JJ., concur.