Action to recover damages for personal injuries suffered by plaintiff wife, and by her husband for loss of services, as the result of plaintiff wife falling down a flight of stairs while she was inspecting a building, in the course of construction by defendant, at the latter’s express invitation. Appeal by defendant from a judgment, entered on a verdict in favor of plaintiffs. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. About six weeks before the accident, the stairs in question had been installed. To prevent scratching and scraping by defendant’s workmen, the stairs were covered by a heavy paper. To keep the paper in place, plaintiffs claimed that boards three quarters of an inch thick were nailed down through the paper on to each step. As plaintiff wife was descending the stairs, her heel was caught and held by the rear part of the board on the second step from the top of the stairway, plaiiitiff wife claiming that the board was broken at the corner where she put her heel. Plaintiffs proved a general custom or practice to use laths three eighths of an inch thick to nail the paper down to the steps, instead of the boards three quarters of an inch thick actually used by defendant. The use of a jagged-edged or broken board was not submitted to the jury as a basis for finding negligence. The sole theory of negli *994 gence submitted to the jury was the use of boards instead of laths. Proof of custom or practice of using lath was insufficient to show negligence on the part of defendant without additional evidence tending to establish that the boards caused a foreseeable risk of injury which other builders customarily avoid by using laths. (Levine v. Blaine Go., 273 N. Y. 386; McKinney v. New York Consol. B. B. Go., 230 N. Y. 194.) Nolan, P. J., Carswell. Johnston and Mac-Crate, JJ., concur; Sneed, J., concurs in reversal but dissents as to granting a new trial and votes to dismiss the complaint, with the following memorandum: The temporary means of protecting the stair treads from damage during construction, if it constituted a risk to users of the stairway, was an open and obvious one which plaintiff wife saw and assumed. (See Myers v. Amherst Constr. Co., 253 N. Y. 586.)