MORIELA CORP., Appellant, v. HORATIO LURO, Respondent.— In an action for breach of contract, and for money had and received by defendant, plaintiff appeals from an order which denies a motion for examination of the defendant before trial. Order reversed on the law, without costs, and motion granted, without costs, to the extent of directing an examination of defendant as to the matters included in items 5 and 6 as set forth in the notice of motion, and further directing the production on such examination of the books and records referred to in such notice of motion, pursuant to section 296 of the Civil Practice Act. The examination shall proceed on five days' notice. In our opinion, it was an improvident exercise of discretion to deny the examination sought with respect to the second cause of action, the allegations of which are denied in the answer. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

■

FRANCIS D. MURRAY, as Administrator of the Estate of ROSE M. MURRAY, Deceased, Appellant, v. ST. MARY'S HOSPITAL, Respondent, et al., Defendants.— Action to recover damages for the death of plaintiff's intestate, who jumped from the window of a room of defendant hospital while suffering from post-partum psychosis following the delivery of a child. The patient's private physician and special nurse were in the room with her until a few minutes before the occurrence, when at the doctor's direction the nurse left to make a telephone call requested by the patient; and the suicide took place while the doctor either went into the hall or stood in the doorway with his back to the patient, to ascertain if the nurse had made the call. There was ample proof that defendant knew, or should have known, of decedent's mental disturbance. Judgment in favor of defendant hospital, entered upon a dismissal of the complaint at the close of plaintiff's case, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Under the circumstances disclosed by this record, defendant hospital was under a duty to use reasonable care to prevent its patient from injuring herself. (Cf. *Santos* v. *Unity Hosp.*, 301 N. Y. 153; *Gries* v. *Long Is. Home Ltd.*, 274 App. Div. 938.) In our opinion, a question of fact for the jury as to said defendant's negligence was presented by the proof that it, contrary to the express instructions of intestate's physician, did not advise him of her condition and irrational behavior before the suicide, and by the proof that it took no measures whatsoever to safeguard the patient, other than to tuck in the bedclothes on her bed. While the negligence of decedent's private doctor may have contributed to her death, the jury could have found upon the evidence adduced that his lack of knowledge as to her actions and mental condition caused him to omit precautions that he otherwise might have taken; and that defendant hospital's negligence was a concurrent proximate cause of the occurrence for which it was liable in damages. (Cf. *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349.) Nolan, P. J., Carswell, Adel and Schmidt, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: The deceased's physician and her private nurse were present and in charge just before the irrational act which brought about her death. Under all the circumstances disclosed by the evidence, the doctor or the private nurse should have sent for a hospital nurse or attendant if they intended to leave the patient without surveillance by them for even a short period. No notice was given the hospital authorities of such actions on the part of experienced professionals, and they were not bound to anticipate them.