ALICE LIEBRECHT et al., Appellants, v. GOTHAM SANITARIUM, INC., Respondent.

First Department, November 9, 1954.

*Ralph Stout* of counsel (*George I. Swetlow* and *Jerome M. Leitner* with him on the brief; *Paul Simon* and *George I. Swetlow,* attorneys), for appellants.

*Olin S. Nye* of counsel (*Matthew E. Lawless,* attorney), for respondent.

*Per Curiam.* In this action against a private hospital to recover damages for personal injuries sustained by plaintiff wife, the jury returned a verdict in favor of defendant. Plaintiff alleged and sought to prove that she entered the defendant's hospital for a surgical operation; that while in an abnormal state of mind due to a previous mental condition and her postoperative reactions, and while unattended in the hospital room, she was permitted to leave her bed and go through an open and unguarded window alongside the bed; and that she was precipitated to the ground and suffered severe injuries.

In the course of the trial plaintiffs' attorney sought to elicit testimony from an experienced physician that a general custom and usage existed in the hospitals in New York City to the effect that a patient coming out of surgery who on admission to the hospital was extremely nervous and who, during the postoperative period, was receiving various drugs, should not be placed in a bed immediately adjacent to an open window. Objections to this line of questioning were sustained, not because of any curable deficiencies in the questions, but because the court held explicitly that the general practice sought to be proven was not relevant to the issues. This holding was erroneous. While of course not conclusive, proof of such general usage may be an influential ingredient in the establishment of negligence on the part of the hospital. (*Shannahan* v. *Empire Eng. Corp.,* 204 N. Y. 543; *Bennett* v. *Long Island R. R. Co.,* 163 N. Y. 1; *Peck* v. *Towns Hosp.,* 275 App. Div. 302.) And on this record it does not appear whether, if in fact such a usage existed, the alleged failure to conform to it may not have been the proximate cause of plaintiff's injuries. (*Regan* v. *Eight Twenty Fifth Corp.,* 287 N. Y. 179; *Santos* v. *Unity Hosp.,* 301 N. Y. 153; *Murray* v. *St. Mary's Hosp.,* 280 App. Div. 803.)

Furthermore, defendant's attorney compounded whatever harm was done by the exclusion of this testimony. In his summation he made repeated references to plaintiffs' failure to prove by expert testimony a standard of care exercised generally by hospitals in the area. He concluded by saying: "But I say in this case there is no testimony concerning a standard of conduct by a hospital. Since you're given no gauge to measure it by, you're in no position to do so, except using your own individual opinions and experiences, which is not allowed."

Plaintiffs' attorney in his summation sought to remind the jury that he had offered such evidence, and that it had been excluded upon the objection of the very attorney who was trying to make capital of its exclusion. Defendant's counsel then objected on the ground that plaintiffs' attorney was alluding to something stricken from the record; he was sustained and the jury was instructed to disregard those remarks of plaintiffs' counsel.

While plaintiffs' case is far from impressive, we quote the apt words of the court in *Levine* v. *Blaine Co.* (273 N. Y. 386, 389): "Perhaps even if the plaintiffs' proffered evidence had been admitted it would still have been true that no reasonable inference could be drawn that the defendant was negligent, but the rulings at the trial unduly hampered the plaintiffs in the presentation of their case."

It should be noted that if the new trial which shall be ordered herein follows the pattern of the trial under review, plaintiffs will be entitled to an instruction to the jury concerning either party's failure to call any witness within its control (*Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640; *Perlman* v. *Shanck*, 192 App. Div. 179, 183).

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

DORE, J. (dissenting). The location of the bed in which plaintiff was placed in defendant's hospital had no causal relationship to the personal injuries for which she sues. Plaintiff did not fall from the bed through the window but left the bed, opened the window, climbed over the wind deflector and fell from the outside window ledge. The accident happened two days after plaintiff underwent a minor operation for the cauterization of an anal fissure. The operation was performed by plaintiff's personal physician and her postoperative care was likewise under his supervision. He prescribed the drugs usual in such cases.

The hospital had no notice or prior indication of any irrational behavior on the part of the patient suggesting that any restraints or special care were required. Her personal physician, who was in the best position to judge and who knew of the position of her bed in the hospital room, gave no instructions in this regard. In the absence of specific instructions by the attending physician or other indicated special care of the patient, the hospital was under no duty to restrain or guard the patient or place her bed away from a window. Upon this state of facts, testimony as to general custom or usage, if competent at all (*Garthe* v. *Ruppert*, 264 N. Y. 290, 295, 296), was immaterial to show want of due care by the hospital. No actionable negligence was established against the hospital.

Accordingly, I dissent and vote to affirm the judgment entered on the jury's verdict in favor of the defendant.

BREITEL, BASTOW and BOTEIN, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm in opinion in which PECK, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.