Walter R. Hart, J.
The complaint in this action alleges that defendant corporation maintains an institution as a Home for the Aged, for the maintenance and care of aged and infirm *702 persons and holds itself ont to the public that it would properly maintain and care for such persons for a consideration to be paid to it; that on April 6, 1956, for consideration paid to defendant, the female plaintiff was admitted as an inmate thereof; that at the time of the admission and while she was an inmate thereof, she suffered from cerebral arteriosclerosis and senile psychosis which was characterized by irrational behavior, disorientation, defective judgment, mental impairment, depression, aimless wanderings, bewilderment, confusion, delusions, and hallucinations, all of which was known to the defendant.
It is further alleged that with knowledge of these facts, defendant undertook to care for her and to prevent her from committing or indulging in such actions that could cause her injuries; that in violation of such undertaking the defendant carelessly and negligently permitted said plaintiff to be unwatched and unattended and carelessly and negligently maintained and operated its premises, as a result of which plaintiff, on August 25, 1956, leaped or fell from a window sustaining extensive injuries.
The negligence charged to the defendant was the failure “ to provide adequate supervision for the plaintiff and failing to watch and attend the plaintiff, although well aware that plaintiff had displayed traits which might lead a reasonable person to believe that if she were not guarded, protected and attended, she might commit some act causing her injury; in failing to observe the actions of the plaintiff immediately prior to the occurrence of the accident, and in failing to take proper precautions and safeguards to prevent the occurrence. ’ ’
Defendant presently moves for judgment on the pleadings contending that the complaint is insufficient. This contention is based on the cited opinion of Mr. Justice Stbeit in Chase v. Mt. Morris Park Hasp. (N. Y. L. J., Nov. 19, 1958, p. 12, col. 4). The infirmity found in the complaint there that ‘ ‘ ultimate facts must be set forth which will support a duty to guard against suicide and the breach of that duty ’ ’ is not present in the complaint herein which alleges that “ defendant undertook to care for plaintiff and to prevent her from committing any acts or indulging in such actions that could cause her injury * * * ” and which further alleges that defendant failed to take proper precautions ‘1 although well aware that plaintiff had displayed traits which might lead a reasonable person to believe that if she were not guarded, protected and attended, she might commit some act causing her injury.”
*703 Nor are the other cases cited by defendant, Fowler v. State of New York (192 Misc. 15) and Kowalski v. State of New York (7 A D 2d 762) apposite. Those cases relate to sufficiency of proof in the light of the circumstances that the decedents, inmates, who had suicidal tendencies had apparently improved sufficiently so as to relieve the State from the onus of taking measures to prevent suicide.
In the instant case the court is only concerned with the complaint which is found sufficient to raise the issue as to whether “the defendant failed to use reasonable care to avoid injury to the plaintiff.” (Santos v. United Hosp., 301 N. Y. 153, 156; see, also, Robertson v. Towns Hosp., 178 App. Div. 285; Gries v. Long Is. Home, 274 App. Div. 938; Martindale v. State of New York, 269 N. Y. 554.) Accordingly, the motion for judgment on the pleadings is denied.
Defendant presently also moves for summary judgment. Suffice it to say that the answering affidavits submitted by plaintiffs in opposition raise issues of fact that may only be resolved upon a trial. Accordingly, the motion is denied.
Submit order.