Walter R. Hart, J.
Plaintiff moves for a discovery and inspection of certain specified records, reports, documents, etc., of the Police Department concerning generally the alleged police protection afforded Arnold L. Schuster and his family, and his subsequent murder.
On motions previously made by plaintiff in this action, for an examination of the defendant the City of New York, before trial, by members and officers of the Police Department, and for a discovery and inspection of records of the Police Department, Mr. Justice Brenner of this court granted an examination of such members or officers of the Police Department having knowledge of the matters as to which the examination was allowed, with a direction to produce upon such examination all pertinent books, records, etc., to be used to refresh the recollection of the witness upon the examination; the motion for discovery and inspection was denied without prejudice to a subsequent application therefor upon a showing of the necessity thereof. (Schuster v. City of New York, 20 Misc 2d 516, 519.)
The rules with respect to the granting of discovery and inspection are well established. The remedy of discovery and inspection may be invoked only as to books, documents or other papers or articles of property which relate to the merits of the action (Civ. Prac. Act, § 324; Paliotto v. Hartman, 2 A D 2d 866). They must be evidence themselves, and are not subject to inspection merely because they will suggest or supply a clue whereby evidence can be gathered (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29; Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735). It must appear that the examination of the particular record, document or article is relevant and necessary (Hay v. Republic Trading Co., 184 App. Div. 537) and will be admissible as evidence on the trial (Milberg v. Lehrich, 2 A D 2d 860).
Applying these rules to the instant application, the conclusion is reached that the items designated Nos. 1, 3, 5, 7 and 8 clearly fail to meet the tests established by the foregoing rules. Those items are subject to the objection that they relate to confidential and secret matters, the disclosure of which may be prejudicial to the public interest and hence are normally privileged from disclosure (Matter of Langert v, Tenney, 5 A D 2d 586, appeal *918 dismissed 5 N Y 2d 875; Matter of Egan, 205 N. Y. 147, 157). (Specifically, as respects the production of the medical examiner’s report, cf. New York City Charter, § 879; see Matter of Hughes v. Kings County Court, 181 Misc. 668; see, also, People v. English, 175 Misc. 751; Matter of English v. Bohan, 175 Misc. 930. Respecting ballistics reports see Brown v. Adams, Gavagan, J., N. Y. L. J., March 20, 1957, p. 5, col. 7.)
While the privilege may be qualified, depending on the circumstances of a particular case, so as to permit a discovery and inspection, it is still necessary that the items sought to be examined are relevant and material. As respects the foregoing items in the instant case, it does not satisfactorily appear that an examination with respect to said items is material and necessary or that an inspection thereof would be relevant to the issues raised by the pleadings in this action.
A discovery and inspection is granted as to item 2 insofar as any of the letters, etc., specified therein are presently in the possession, and under the control, of defendant. Item 4 likewise is granted, no objection being made with respect thereto.
There remain for disposition on this motion items 6 and 9. The records, documents and reports referred to in said items should normally not be made available for discovery and inspection as they may very likely contain matter which, upon general grounds of public policy, is privileged from disclosure. (See Matter of Langert v. Tenney, supra; see, also, other cases cited in the opinion of Mr. Justice Bbenneb heretofore referred to.) However, as I view it, the privilege should be evaluated and applied in the light of other and countervailing considerations of public policy that may exist in the particular case (Matter of Langert v. Tenney, supra). Where such other considerations are present any procedure which will, to the extent possible, reconcile the variant factors of public policy and the interests of justice, should be adopted.
In the instant case the Court of Appeals in sustaining the complaint herein, in a majority opinion by Van Voorhis, J., strongly implied the existence of a public interest in affording a right of action upon the facts alleged in the complaint. The court there stated (5 N Y 2d 75, 80-81): “ In our view the public (acting in this instance through the City of New York) owes a special duty to use reasonable care for the protection of persons who have collaborated with it in the arrest or prosecution of criminals, once it reasonably appears that they are in danger due to their collaboration. If it were otherwise, it might well become difficult to convince the citizen to aid and co-operate with the law enforcement officers.”
*919 In the instant case it must be recognized that plaintiff is in no position to know the facts relative to the nature and extent of the police protection afforded plaintiff’s intestate, Arnold L. Schuster, following the latter’s disclosure to the police of the information allegedly leading to the capture of one Willie Sutton, except insofar as the facts can be elicited from members, former and present, of the Police Department and from the records of the department. Further, as indicated by Mr. Justice Di Giovankta’s rulings on the objections made by the city in the course of the examinations before trial heretofore held, facts occurring subsequent to Schuster’s death, which are in the possession of the Police Department, may be material and relevant insofar as they relate to prior knowledge on the part of the city with respect to threats made against Schuster’s life.
The contention is made in support of the instant motion that plaintiff has been unable, upon the examinations before trial heretofore held, to elicit information as to the general breadth and scope of the protection allegedly afforded Schuster, since defendant seeks to limit the inquiry by plaintiff to those witnesses and records which defendant in its judgment wishes to produce.
Defendant in opposing the motion does not take direct issue with plaintiff’s contention. Indeed, no objection is made to a discovery and inspection of such reports, etc., specified in item 9 as may be relevant, material and necessary, provided they do not reflect confidential information obtained by the Police Department during the criminal investigation into Schuster’s murder.
In light of the circumstances set forth in the affidavit submitted in support of the motion, as hereinabove referred to, a showing of necessity has been made out and that plaintiff is entitled to such a discovery and inspection with respect to items 6 and 9 as will disclose relevant and material matter which would constitute competent evidence upon a trial of the action. It is however impossible to determine at this stage Avhat portion of such reports, records, etc., specified in items 6 and 9 would so qualify.
Accordingly, a discovery and inspection as to said items will be permitted subject to supervision by this court so as to insure that there will be withheld from disclosure such items, or such portions thereof, as are not relevant or material, and so as not to reveal any sources of information, or information, the disclosure of which would be against the paramount public interest.
*920 In résumé, items 1, 3, 5, 7 and 8 are disallowed; items 2 and 4 are allowed; items 6 and 9 are allowed as indicated. Settle order on notice. The time and place of the supervision by the court of the items referred to will be fixed in the order to be settled on notice.