Daniel E. Macken, J.
The moving papers were served timely and were effective to stay the examination pending the hearing and determination of the motion to vacate. The subpoena, which plaintiff caused to be served on the defendant Park Avenue Hospital prior to the service of the moving papers herein, is therefore quashed.
It appears that the “Surgical Log Book ”, referred to in paragraph “ 1 ” of plaintiff’s notice to examine, contains entries referring to patients other than the plaintiff and, hence, may not be examined in its entirety. Upon the argument counsel for the defendant Park Avenue Hospital agreed to furnish plaintiff with a copy of the portion or portions of the Surgical Log Book referring to plaintiff’s treatment, and in this respect paragraph “ 1 ” of the notice is modified to the extent that the defendant hospital be required only to furnish a copy of such entries.
The information sought in paragraph “2” of plaintiff’s demand concerning operation and disease index cards or records relating to surgery performed by defendants Lenhart and Impellitier prior to the time of plaintiff’s treatment in the said hospital obviously contemplates the disclosure of privileged information relating to treatment of other patients. The notice is therefore further modified by striking therefrom in its entirety the said paragraph “ 2
*616 Paragraph “ 3 ” of plaintiff’s demand seeks records of “ any and all medical staff discussions and meetings of committees relative to the surgery performed upon the plaintiff”. This obviously calls for the disclosure of hearsay and statements not shown to be binding upon the defendants or any of them. Such records, if there be any, are to be distinguished from entries in the patient’s record made contemporaneously with the treatment and received in evidence pursuant to section 374-a of the Civil Practice Act. Plaintiff’s notice is therefore further modified by striking therefrom in its entirety paragraph “ 3 ”.
By paragraphs “ 4 ” and “ 5 ” of his notice plaintiff seeks to inspect and make copies of the by-laws, rules and regulations governing the defendant hospital and its internship and resident training program and, if approved by the Joint Commission on Accreditation of Hospitals, copies of the by-laws and regulations of the said joint commission adopted by the defendant hospital. The defendant hospital opposes such disclosure on the basis of the general rule in negligence actions that private rules and regulations of a defendant are not admissible in evidence. (Rizzo v. Long Is. R. R. Co., 14 A D 2d 927.) The rationale of this general rule is that since, in the ordinary negligence case, the defendant is held to the standard of care of the average reasonably prudent .and careful person, he should not be penalized by the adoption of rules requiring his employees to adhere to a higher standard of care. A somewhat different situation obtains with respect to the standard of care required of hospitals and physicians in treatment and care of the ill. In general, the hospital’s duty to the patient is measured by the degree of care, skill and diligence customarily exercised ,by hospitals generally in the community. (Liebrecht v. Gotham Sanitarium, 284 App. Div. 781; Garfield Mem. Hosp. v. Marshal, 204 F. 2d 721; Ann. 37 A. L. R 2d 1284, 1285.) It thus appears that within reasonable limits the hospitals in a given community may themselves establish the standard of care applicable to them. While in a community such as this, having several hospitals, the rules and regulations of the defendant hospital alone are probably not admissible, I am unable to say that, were it shown that the hospitals of this community have established reasonably uniform rules and regulations with respect to the care of their patients, such rules and regulations might not be admissible. “If it cannot be held as a matter of law that the matter sought to be elicited will be inadmissible the examination will not be denied for immateriality. The fact that some of the testimony may be held immaterial at the trial is insufficient to defeat a motion for examination of an adverse party before *617 trial”. (5 Carmody-Wait, New York Practice, § 21, p. 411; O’Grady v. Burr, 2 AD 2d 712.) Without in any way undertaking to pass upon the eventual admissibility of such evidence, I feel that the plaintiff should be permitted the examination sought by paragraphs “ 4 ” and “ 5 ” of his demand, and to that extent the motion is denied. (Corwin v. University of Rochester, 147 N. Y. S. 2d 571.) While the defendant argues that the by-laws and regulations of the Joint Commission on Accreditation of Hospitals should be sought from the joint commission itself, the fact that such evidence might be procured from other sources is no bar to examining the defendant hospital in that respect provided the hospital in fact has in its possession such by-laws and regulations. (McKeand v. Locke, 115 App. Div. 174; Eckman v. Lindbeck, 178 App. Div. 720, 723; Tripp, A Guide to Motion Practice, § 61, par. 5.)
Defendant hospital states that the sole purpose of its motion to vacate the notice served by the defendant Impellitier is to insure that the examinations of the defendant hospital by the plaintiff and said defendant proceed at the same time. All counsel seem agreeable to such procedure and the plaintiff by his attorney in open court has waived any claim of privilege with respect to the records of the defendant hospital. The order may therefore provide that the examinations by the plaintiff and the defendant Impellitier proceed at the same time and place and that the plaintiff and said defendant be permitted to use all evidence elicited upon such joint examination with the same effect as though each had examined separately.