■ WILLIAM W. AARONSON, as Administrator of the Estate of MORTON AARONSON, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36021.) — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. The claimant's intestate was mentally ill and was under treatment in a hospital maintained by the State. He escaped from custodial care on January 17, 1958 and was later found to have died from exposure. During his hospital treatment which began in November, 1956 the decedent had escaped on two previous occasions, once in October and once in November, 1957; and he had been returned to the hospital after each escape. Although his tendency to escape from custodial care was known to the hospital, reasonable precautions were taken to safeguard him. He was placed in a ward in which patients were kept under guard and were always locked in with attendants. Continuous surveillance was maintained over this group of patients. On January 17, 1958 the decedent was taken with a group of nine other patients to attend a religious service. This group which moved by pairs together as a unit was accompanied by two guards, one of whom walked at the head of the group the other at the end. During the service the 10 patients were seated in a row with a guard at each side of them. A number of other patients were at the service. From time to time during the service the two guards counted their 10 charges. At the end of the service when all the persons in the congregation were standing the guards observed and counted 10 patients. But after the groups had begun to move they noticed one was missing. Decedent apparently moved one of the chairs and mixed in with other groups and thus evaded notice. No doubt if the hospital were able to maintain perfect security this would not have occurred. Had the hospital not permitted the patients to attend religious service and kept them in the locked ward; or if one guard had been assigned to each patient or to each of two patients, the escape would probably have been avoided. But the segregation of the 10 security patients in the hall in immediate presence of the two guards stationed at the ends of the same row of seats seems to us to have amounted to reasonable precaution against escape. No proof in the record suggests that by any common standard of hospital practice this, and the prompt steps taken to discover the patient after he was missed, did not amount to reasonable care. And reasonable precaution is the test by which the liability of a hospital, and hence the State in this case, is measured. (*Hirsh* v. *State of New York*, 8 N Y 2d 125; *Martindale* v. *State of New York*, 269 N. Y. 554; *Gries* v. *Long Is. Home*, 274 App. Div. 938.) Judgment for claimant reversed on the law and the facts and claim dismissed, without costs. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.