94 N.J. Super. 39 (1967)
226 A.2d 741
PATRICK J. MONACO, PLAINTIFF,
v.
PEPPERIDGE FARMS, INCORPORATED, A CONNECTICUT CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 25, 1967.
*40 Messrs. Conrad & Jones, attorneys for the plaintiff (Mr. David W. Conrad appearing).
Messrs. Meyner and Wiley, attorneys for defendant (Mr. Dominick R. Vetri, appearing).
HERBERT, J.S.C.
This is a motion for an order requiring defendant to produce books and records and to permit them to be inspected and copied. Plaintiff's designation of what he wants access to is: "books and records which designate those items of cost allocated by defendant to the manufacture, production and distribution of the food products of its Biscuit Division and its Frozen Foods Division." R.R. 4:24-1 requires a showing of "good cause" as a basis for granting a motion of this type, and plaintiff says the books and records in question may constitute or contain evidence relating to the issue of damages.
Allegations of the complaint, as amended, are to the effect that plaintiff has been a distributor of defendant's products since 1953, at first in a territory consisting of a part of Bergen County and some communities north of the New Jersey-New York line, and after 1955 in a territory consisting of certain communities of Morris and Somerset Counties. Violation of plaintiff's rights as a distributor is claimed, it being averred that commencing in 1956 defendant began to distribute certain of its products in plaintiff's territory without allowing plaintiff to act as the distributor. At the argument *41 of this motion plaintiff's attorney said the allegedly offending products have been marketed through a distributor who has been given a large territory; that the particular products are adapted to such a marketing scheme; that such distribution has led to a low return per unit for the distributor, and that the same unit rate if applied to plaintiff in his relatively small territory would not be a fair or reliable index of his damages. The argument went on to suggest that defendant, if a breach be proved, may be ordered to account for its profits on whatever products it has marketed in violation of plaintiff's alleged contractual right to be the only distributor of defendant's goods in his territory.
Defendant opposes the motion, arguing that the records to which access is sought are not relevant to the issue of damages. It is also contended that information relating to costs and profits has a confidential character which is especially important in this highly competitive business field. Defendant's brief cites a number of authorities in support of the proposition that plaintiff here, if he should prove breach of his contract, would only be entitled to damages for his loss of profits or commissions on the business diverted from him. Among the citations are George v. George F. Berkander, Inc., 92 R.I. 426, 169 A.2d 370 (Sup. Ct. 1961); Barr & Sons, Inc. v. Cherry Hill Center, Inc., 90 N.J. Super. 358, 373 et seq, (App. Div. 1966); 3 Am. Jur.2d, Agency, § 260, p. 625 (1962), and 3 C.J.S. Agency § 333 (2) (b), p. 342 (1936). These authorities satisfy me that examination of books showing defendant's costs will not help plaintiff prove the amount of money to which he may be entitled for breach of contract. If it comes to a question of damages, then it will be necessary to ask what plaintiff could have made if he had been given the products in question to distribute in his territory under the terms of his distributorship contract, and it will not be appropriate to ask how much the defendant made by distributing through other channels.
By way of answer to defendant's citations, plaintiff's attorney has referred to Gillette Co. v. Two Guys From Harrison, *42 Inc., 36 N.J. 342, 352 (1962), but that was a case under N.J.S.A. 56:4-3 et seq., in which defendant was ordered to account for profits gained by violating the statute. The only contract involved was the one fixing prices for all retail sales of certain Gillette products, and no claim for damages for breach of that was involved. I do not regard the case as enlarging the general rules of damages in contract actions by shifting attention from a plaintiff's losses to a defendant's profits in situations where the amount of the losses may be hard to prove. More to the point, the accounting for profits which was ordered by the lower court in Barr & Sons, Inc. v. Cherry Hill Center, Inc., supra, was rejected by the Appellate Division and the case sent back for a new trial to determine damages on the basis of losses suffered by the plaintiff as a result of breach of covenant.
If the plaintiff can prove his allegations of breach of contract, then there should be no question about his having suffered damage and he can have the benefit of the principle that once the fact of damage is established mere uncertainty as to amount will not bar recovery. Tessmar v. Grosner, 23 N.J. 193, 203 (1957).
Though discovery proceedings are not to be limited to the quest for admissible trial evidence (R.R. 4:16-2; 4:24-1), and though confidential matters can be given protection in some degree by an appropriate order against disclosure, the burden of assembling and presenting for inspection those records needed for a cost accounting inquiry as to certain products over a period of several years is likely to be substantial.
My conclusion is that the plaintiff has not shown the "good cause" specified by the rule. The motion is denied.