109 N.J. Super. 143 (1970)
262 A.2d 440
CATHERINE GUREGHIAN, ETC., ET AL., PLAINTIFFS,
v.
HACKENSACK HOSPITAL, ET AL, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 19, 1970.
*144 Messrs. Freeman, Freeman & Cartier, attorneys for plaintiffs.
Messrs. Hein, Smith, Mooney & Berezin, attorneys for defendant Winton Johnson.
Messrs. Pindar, McElroy, Connell & Foley, attorneys for defendant Herbert Henry Eccleston.
Messrs. Winne & Banta, attorneys for defendant Hackensack Hospital Association.
BRESLIN, J.D.C. (temporarily assigned).
This matter arises out of an application by the plaintiff for an order to compel defendant Hackensack Hospital to produce a report *145 of the Perinatal Mortality Committee of the Department of Obstetrics and Gynecology. Plaintiff's request for a copy of the report, made pursuant to R. 4:17-1, was not complied with and this motion followed.
The instant cause of action sounds in negligence, based upon various breaches of duty and malpractices allegedly committed by the several defendants during the course of childbirth, causing injuries to the mother and injuries to and the death of the infant. The report in question was prepared more than one month after the infant's death by said committee and noted facts, cause of death and autopsy findings concerning the infant. The matters set forth in the report are not, however, confined to the subject of the infant. Apparently, the report is a monthly summary of infant deaths at or shortly after delivery and as such contains statistics of five other infant mortalities. The report is not part of the patient's record and was not made during the course of treatment by a treating physician.
(The movant does not state whether his papers are brought pusuant to R. 4:18-1 or R. 4:17-5. However, since a determination of this dispute is governed by considerations applicable to both rules, see comment to R. 4:17-5, I will treat the application as having been introduced in accordance with the provisions of R. 4:18-1).
R. 4:18-1 states, in part:
On motion by any party, for good cause shown and upon notice to all other parties * * * the court may order any party to produce and permit the moving party * * * to inspect and copy or photograph any designated books, papers * * *, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by R. 4:10-2 and which are in his possession * * *.
R. 4:10-2 states:
* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the *146 examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any * * * document * * *.
The broadest possible latitude should be accorded pretrial discovery. Myers v. St. Francis Hospital, 91 N.J. Super. 377, 15 A.L.R.3d 1432 (App. Div. 1966). This liberal spirit of discovery must be borne in mind whenever the court determines whether good cause for the discovery of documents is shown.
In Lakewood Trust Co. of Lakewood v. Fidelity & Deposit Co., 81 N.J. Super. 329 (Law Div. 1963), the court held:
What will constitute good cause is a flexible matter and must be determined * * * in each case on its own merits. * * *
Generally, inspection orders should issue upon a showing that the desired inspection of the document or other property is relevant to the subject matter of the pending action and will aid the moving party in the preparation of his case, * * * [at 339]
The test of relevancy has been stated as being whether the subject matter sought to be discovered is useful. Myers v. St. Francis Hospital, supra.
The committee report contains a capsulized finding as to the infant's condition at delivery and the cause of death as revealed by autopsy. Since a basis of the cause of action is the alleged negligence in the delivery of the infant, which negligence caused the infant's death, the committee report may well be relevant and useful in the preparation of plaintiff's case.
Defendant resists production on the ground that the report is a confidential internal communication which does not relate to the care and treatment of the patient. However, it does not assert a privilege pursuant to Evidence Rule 26A (2), N.J.S.A. 2A:84A-22.2. In support of its position defendant cites Judd v. Park Avenue Hospital, 37 Misc.2d 614, 235 N.Y.S.2d 843 (Sup. Ct.), aff'd 18 App. Div.2d 766, 235 N.Y.S.2d 1023 (App. Div. 1962). In that case the movant sought discovery of records of medical staff discussions *147 and committee meetings relative to surgery performed on the plaintiff. In denying the motion, the court held:
* * * This obviously calls for the disclosure of hearsay and statements not shown to be binding upon the defendants or any of them. Such records, if there be any, are to be distinguished from entries in the patient's record made contemporaneously with the treatment and received in evidence pursuant to § 374-a Civil Practice Act. [235 N.Y.S.2d, at 845]
New York Civil Practice Act, § 374-a, § 4516, now CPLR concerned the admissibility of business records into evidence.
The New York courts, however, have construed their rules of discovery, including those pertaining to the disclosure of documents (CPLR § 3120, formerly C.P.A., § 324), as applicable only to those matters which by themelves constitute admissible evidence. See Babcock v. Jackson, 40 Misc.2d 757, 243 N.Y.S.2d 715 (Sup. Ct. 1963). In Schuster v. City of New York, 25 Misc.2d 916, 203 N.Y.S.2d 278, 280 (Sup. Ct. 1960), the court held:
The remedy of discovery and inspection may be invoked only as to books, documents or other papers or articles of property which relate to the merits of the action. * * * They must be evidence themselves, and are not subject to inspection merely because they will suggest or supply a clue whereby evidence can be gathered * * *. It must appear that the examination of the particular record, document or article is relevant and necessary * * * and will be admissible as evidence on the trial. [203 N.Y.S.2d, at 280; emphasis added]
Our rule is immediately distinguishable. R. 4:10-2 provides:
* * * it is not ground for objection that the testimony will be inadmissible at trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. * * *
It is questionable whether the subject matter of this motion can be properly admitted into evidence at trial, see Evidence Rule 63 (13); State v. Gardner, 51 N.J. 444 *148 (1968), especially in view of the included hearsay in the report. However, if the report is relevant to the issues of the pending action and it can reasonably lead to the discovery of admissible evidence, it is capable of discovery even though it might be inadmissible in the trial of the action. In Lakewood Trust Co. of Lakewood v. Fidelity & Deposit Co., supra, the court held that internal reports and records rendered confidential by statute would, nevertheless, be discoverable by the movant if they were relevant to the subject matter of the suit or would lead to the discovery of other material evidence, irrespective of their inadmissibility. See also, Bzozowski v. Pennsylvania-Reading Seashore Lines, 107 N.J. Super. 467, 474 (Law Div. 1969); Monaco v. Pepperidge Farms, Inc., 94 N.J. Super. 39, 42 (Ch. Div. 1967).
The defendant's reliance on Picker X-Ray Corporation v. Fresker, 405 F.2d 916 (8 Cir.1969) is misplaced. There, the reports were erroneously admitted into evidence at the trial of the matter.
That the movant has had ample opportunity to take the deposition of the committee head or that information contained in the report was revealed at depositions which were already taken is not sufficient reason to deny production of the report. See Myers v. St. Francis Hospital, supra, R. 4:10-2.
Motion granted.