J. Robert Lynch, J.
The plaintiff moves under CPLR 3124 for an examination before trial of the defendant hospital and to compel it to produce for inspection a report of its medical evaluation committee of the death of the plaintiff’s intestate. The latter relief is opposed by the hospital.
We do not reach the question whether the production of the report is justified by Kenney v. Superior Ct. (255 Cal. App. 2d 106) or prohibited by Judd v. Park Ave. Hosp. (37 Misc 2d 614, affd. 18 A D 2d 766), for the reason that the hospital has waived its right to object to the production.
The plaintiff previously sought the same relief by serving a notice, under CPLR 3107 and 3120, dated November 14, 1969, for an examination and production on December 1, 1969. Nothing came of it because the attorneys unsuccessfully tried to set a mutually acceptable date and because the hospital announced its refusal to produce the evaluation committee report. The hospital did not apply for a protective order within five days of the notice (CPLR 3122), nor has it applied for one since or given any excuse for its failure to do so. Unless the item sought to be produced is excluded by CPLR 3101, which is neither the case nor the contention here, such conduct by the hospital constitutes a waiver of its right to object. (Coffey v. Orbachs, Inc., 22 A D 2d 317; Zeif v. Zeif, 31 A D 2d 625 ; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.07.)
The defendant doctor’s objection is based upon a misconception. The scope of the proposed examination and production is limited by the notice of November 14th without regard to paragraph 6 of the petition. The motion is granted.