105 N.J. Super. 415 (1969)
252 A.2d 735
FRANK DIBIANO, PLAINTIFF-APPELLANT,
v.
LINDA M. DIBIANO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1969.
Decided May 5, 1969.
*416 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Monroe Ackerman argued the cause for appellant (Mr. Alan C. Sugarman, attorney; Messrs. Rudd, Ackerman & Breitkopf, of counsel; Mr. Edward S. Snyder, on the brief).
Mr. John F. Connolly, Jr. argued the cause for respondent (Messrs. Pearce and Pearce, attorneys).
PER CURIAM.
Plaintiff appeals from a Chancery Division judgment awarding custody of his then six-year-old son Pasquale (Pat) to defendant, the child's mother and plaintiff's former wife. The judgment was stayed pending appeal to this court.
The parties were married on October 18, 1959 and had two children, Frank Jr., born the next year, and Pat, born in January 1962. The family lived in Asbury Park, N.J. until December 1, 1962 when defendant took the two children to Miami, Fla. Plaintiff followed them in an unsuccessful attempt to persuade defendant to return to this State with the children. However, he was able to bring Pat with him.
Upon his return here plaintiff filed a complaint January 30, 1963 on which an order was issued directing defendant to show cause why the court should not make an appropriate order concerning Frank Jr.'s custody and his return to this State. Defendant did not respond or appear, with the result that an order was entered May 9, 1963 awarding custody of *417 both children to plaintiff and directing defendant to return Frank Jr. to New Jersey. She ignored the order.
In January 1965 plaintiff filed a complaint seeking divorce on the ground of desertion. Defendant answered and counterclaimed, seeking custody and support for both children. On March 3, 1967 the Chancery Division judge  not the one who entered the judgment here under appeal  entered judgment nisi granting plaintiff a divorce and ordering, among other things, that plaintiff continue to have custody of Pat and defendant custody of Frank Jr., pending final disposition of custody by the court pursuant to R.R. 4:98-8.
Following entry of the final decree defendant married one Perrier in Florida on June 30, 1967. Plaintiff married his present wife, the former Lucia Rowland, on November 5, 1967, and continued to live in New Jersey. Frank Jr., who had remained in defendant's custody, died February 14, 1968 following a heart operation. Defendant had arranged for that operation without obtaining plaintiff's consent and had refused to tell him the name of the attending surgeon. Plaintiff learned of the death when defendant spoke to his parents at 4:30 on the afternoon the boy died, advising that funeral services would be held the next day at 9 A.M.
Two months later defendant filed a petition for determination of final custody. Since the judge who had entered the judgment nisi was no longer sitting in the Matrimonial Division, the matter was brought on before another Chancery Division judge who, after a full hearing, rendered an oral opinion in which he concluded that defendant should have custody of Pat, with certain visitation rights in plaintiff. The judgment under appeal followed. We reverse.
After reviewing the pertinent proofs adduced at the custody hearing, the trial judge found plaintiff to be a suitable person to have custody of Pat, referring to the "impressive testimony" that had been given as to the relationship between the child and his father. There could be no doubt, he said, that there is a "warm and loving relationship" *418 between plaintiff's present wife and the boy, and this was corroborated by defendant's father who had visited them. The paternal grandparents had exhibited "great love and feeling" for Pat, as had the parents of plaintiff's present wife. The trial judge concluded that if custody were awarded to plaintiff, the boy would be well taken care of and well brought up.
Although the judge also found defendant to be a suitable person to have custody, he went to some length in his oral opinion to outline certain factors that appeared to militate against an award of custody to her, including her departure from New Jersey with the two children, her disregard of the May 9, 1963 order directing her to return Frank Jr. to this State, the circumstances surrounding his operation, death and funeral, the fact that defendant would not let plaintiff or the paternal grandparents talk to or see Frank Jr. when he was in her custody, and the further fact that Pat had been with plaintiff since he was about one year old. In concluding that defendant should have custody of Pat, the trial judge said:
"Now I have no hesitancy in saying that if I had an unbridled discretion I would decide differently. I am, however, bound to follow the decisions of our appellate courts."
We know of no decision which would justify the custody granted in this case. Our cases are legion that the happiness and welfare of the child are paramount in determining custody. In the exercise of their parens patriae jurisdiction our courts look always to the protection of the child's best interests. N.J.S.A. 9:2-4. The rights of both parents are to be held equal, absent misconduct on the part of either, N.J.S.A. 9:2-4, and we recognize that custody of a child of tender years ordinarily is awarded to a mother who has been found a suitable person, but these considerations must always be considered subordinate to what is truly in the child's best interests.
*419 Each case must, of course, be decided on its own particular facts, but as any number of cases have held, the court, in determining which parent shall have custody, must consider the personal safety, morals, health and happiness of the child. Our reading of the record convinces us that it was clearly erroneous to order a change of custody in the circumstances of this case. Pat's best interests compel the conclusion that his custody remain where it has been since his first birthday  with his father in New Jersey  and this without even considering the provisions of N.J.S.A. 9:2-2, evincing a statutory policy in favor of leaving the child in this State, where it was born and raised. See Fantony v. Fantony, 36 N.J. Super. 375, 379 (Ch. Div. 1955), modified on other grounds, 21 N.J. 525 (1956); Casteel v. Casteel, 45 N.J. Super. 338, 353 (App. Div. 1957). The fact that Pat was only six years old at the time of the judgment under review was no justification for ripping him out of his present setting where he is happy and well adjusted. It is obvious from the record that his roots, established over some five years in a good and loving home, run deep and strong.
The judgment is reversed. Defendant's application for counsel fees and costs is denied, particularly in view of the fact that she has sufficient income of her own to bear the expense of this appeal.