111 N.J. Super. 553 (1970)
270 A.2d 48
S., ON BEHALF OF HER DAUGHTER, L., AN INFANT UNDER THE AGE OF 14 YEARS, PLAINTIFF-APPELLANT,
v.
H.M. AND E.M., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1970.
Decided October 16, 1970.
*555 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Leonard H. Wallach argued the cause for appellant (Mr. David H. Dugan, III, Director, Camden Regional Legal Services, Inc., attorney).
Mr. Charles A. Cohen argued the cause for respondents.
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff appeals from a judgment discharging a writ of habeas corpus and awarding custody of her illegitimate infant daughter to defendants.
In 1960 plaintiff, then 14 years of age, after experiencing difficulties with her mother, moved in with defendants, her aunt and uncle, and remained there until 1968. L. the daughter here involved, was born on July 15, 1964. About a year later, by reason of plaintiff's alleged conduct, her aunt demanded that she leave. Plaintiff complied but left her infant daughter with defendants. Some six months thereafter plaintiff returned to the house, remained about two or three weeks, and then disappeared.
In June 1966 plaintiff, who was then living with her mother, gave birth to her second illegitimate child. In early 1968 she went on county welfare and took an apartment in Camden. Then defendants returned L. to her, subject to week-end visitations with them. In June 1968 the infant was brought to defendants' home where she has remained ever since. The aunt testified that at the time she went to plaintiff's apartment on a number of successive days but could not find her. About a week later plaintiff called and stated she had been out "balling." Still later she visited her aunt but did not ask to take the child with her. However, shortly before instituting the present *556 proceedings, plaintiff demanded the return of the child but defendants refused. On that day plaintiff filed a criminal complaint in the municipal court charging her aunt with kidnapping.
Three days later (August 5, 1968), plaintiff instituted the present habeas corpus proceeding. The next day defendants appeared in court with the infant. The case thereupon proceeded to trial, which was continued to and concluded on August 27.
Plaintiff first contends that the trial court lacked subject matter jurisdiction to award custody of the child to defendants in this habeas corpus proceeding filed in the Law Division of the Superior Court. She argues that the only issue raised by the proceeding was the illegal detention of the child, and that defendants did not counterclaim for nor otherwise affirmatively seek custody. Further, she asserts that child custody matters are cognizable only in the Chancery Division of the Superior Court. This contention and plaintiff's arguments in support thereof are without merit.
In English v. English, 32 N.J. Eq. 738 (E. & A. 1880), a husband filed a habeas corpus petition, requesting that two of his children, allegedly illegally taken by his wife, be brought into court and that he be awarded their custody. In affirming the trial court's award of the custody of the children to the wife the court stated:
The jurisdiction of the court of chancery to settle and dispose of the care and custody of infants, through a procedure like this, is established. The parties, in their litigation, have, by their pleadings and proofs, presented issues within the cognizance of that court, under its general jurisdiction as public guardian of the rights and interests of infants. Such jurisdiction is not, by the use of the writs of habeas corpus to bring the infants into court, cut down and restricted to those limits which outline and bound a strict proceeding on habeas corpus. The writ serves a purpose merely ancillary to the more general design of the suit, to secure a definite disposition of them, as wards of the court. [at 742]
See In re Alsdorf, 142 N.J. Eq. 246 (Ch. 1948). This doctrine has also been applied to proceedings involving children *557 born out of wedlock. See In re Mrs. M., 74 N.J. Super. 178 (App. Div. 1962); In re R.L., 137 N.J. Eq. 271 (Ch. 1945); In re Petagno, 24 N.J. Misc. 279, 48 A.2d 909 (Ch. 1946).
It was plaintiff who first raised the issue of custody. Her complaint alleged that she was the "sole person entitled to custody" of the child and she requested, in addition to having the child brought before the court, "judgment awarding custody." Her counsel's statement, made at oral argument, that these references to custody were inadvertently placed in the complaint is not persuasive. The record is devoid of any attempt to delete them by amendment or otherwise.
Plaintiff made no motion to transfer the proceedings from the Law Division to the Chancery Division. Moreover, under our 1947 Constitution, law and equity jurisdictions are merged into the Superior Court, which court possesses original jurisdiction for all causes of action. Asbestos Fibres, Inc. v. Martin Laboratories, Inc., 12 N.J. 233, 239 (1953); Mayor, etc., of Alpine v. Brewster, 7 N.J. 42, 51 (1951). The Law Division and the Chancery Division may each exercise the powers and functions of the other when the ends of justice so require, and legal and equitable relief may be granted in any cause. N.J. Const. (1947), Art. VI, § III, par. 4. The Law Division, having obtained jurisdiction of the subject matter by the filing of the writ, had authority to completely determine the entire controversy before it, including the issue of custody. See Stamen v. Metropolitan Life Ins. Co., 41 N.J. Super. 135, 140 (App. Div. 1956).
Plaintiff's next contention is that defendants failed to serve or file a return to the writ of habeas corpus, thereby defaulting and voiding their appearance before the court. N.J.S.A. 2A:67-20 provides that a return to the writ shall be made by those upon whom it is served. N.J.S.A. 2A:67-22 requires that the return shall set forth, fully and explicitly, whether defendant has the party in his custody, *558 and if he has, the true cause of the confinement. Thereafter, plaintiff may file an answer to the return, denying the facts set forth therein and alleging other material facts. N.J.S.A. 2A:67-23. Thus, plaintiff states that defendants were barred from litigating the issue of custody.
However, plaintiff did not object to defendants' failure to file such a return on the first day of trial, the day following service of the writ. Objection was not raised until the second session, some three weeks later. Defense counsel in his opening clearly enunciated the pertinent issues to be "the question of the fitness of this mother to have the custody of this child." Thus, plaintiff was at that early date apprised of defendants' position and had ample opportunity to prepare to meet it. Further, the trial court subsequently allowed a formal return to be filed nunc pro tunc. We conclude that this narrow technical ground should not now prevent a determination of this matter on its merits. Passalaqua v. Biehler, 46 N.J. Super. 63, 69-71 (App. Div. 1957). See also State v. Wilson, 135 N.J.L. 398, 402-03 (Sup. Ct. 1947).
Plaintiff also argues that the trial court struck all testimony as to her unfitness as a mother. She alleges that therefore there was no evidence before the court upon which it could have made its finding that she was unfit and thus award custody of the child to defendants.
Plaintiff had moved at the close of all evidence to strike all testimony not relating to the "illegal restraint" of the child. Although it appears that the court at first granted this motion, there is apparent confusion in the record as to whether the court intended to do so, for the court thereafter found plaintiff to be an "unfit mother" and stated "I deny the motion, and grant Custody to the Aunt." As we have previously held the issue of custody was properly before the court and therefore the motion should have been denied. However, in view of the nature of this litigation and the time that it has been pending, we, rather than remanding for the trial court's explanation, shall, pursuant *559 to R. 2:10-5, exercise original jurisdiction and thus bring the matter to a prompt and complete determination.
Upon a reading of the entire record we conclude that plaintiff is an unfit mother. A detailed recitation of the evidence which establishes her immorality and indecency will serve no useful purpose. Suffice it to say, we find that it would be prejudicial to the welfare of the infant child to leave her in plaintiff's care and environment. The mother's maternal right to her child must be considered subordinate to what is truly in the child's best interest. Cf. DiBiano v. DiBiano, 105 N.J. Super. 415, 418 (App. Div. 1969). Accordingly, custody of the infant is awarded to defendants with whom she has happily resided in the recent years.
Plaintiff's final point, that as a mother she had a constitutional right to bring up her child in her own home, is without merit, particularly in the circumstances of this case.
Judgment affirmed.