126 N.J. Super. 156 (1973)
313 A.2d 222
BARRY E. WICHANSKY, PLAINTIFF,
v.
JOYCE M. WICHANSKY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 15, 1973.
*157 Mr. Clifford Herbstman for plaintiff.
Mr. R.M. James Ruscick for defendant.
Mr. Leon Wilson represented New Jersey Psychological Ass'n, amicus curiae.
Mr. Martin M. Friedman, for Dr. Daniel Sugarman; Mr. Kenneth L. Abrams, on the brief.
*158 McKENZIE, J.C.C., Temporarily Assigned.
The parties to this matrimonial action obtained marriage counseling together from Dr. Daniel H. Sugarman, a licensed psychologist. He has been subpoenaed by plaintiff husband to testify as to certain conversations which took place during the course of marriage counseling. Dr. Sugarman moves to quash the subpoena, claiming that such testimony would involve communications privileged under the provisions of two separate statutes.
N.J.S.A. 45:8B-29 (Evidence Rule 28A-1) which is part of the Practicing Marriage Counseling Act enacted in 1968, provides as follows:
Any communication between a marriage counselor and the person or persons counseled shall be confidential and its secrecy preserved. This privilege shall not be subject to waiver, except where the marriage counselor is a party defendant to a civil, criminal or disciplinary action arising from such counseling, in which case, the waiver shall be limited to that action.
N.J.S.A. 45:14B-28 (Evidence Rule 26A-1) which is part of the Practicing Psychology Licensing Act enacted in 1966, provides as follows:
The confidential relations and communications between a licensed practicing psychologist and the individuals with whom he engages in the practice of psychology are placed on the same basis as those provided between attorney and client, and nothing in this act shall be construed to require any such privileged communications to be disclosed.
Plaintiff takes the position that since Dr. Sugarman is not a licensed marriage counselor, the privilege can only be invoked under the statute applicable to psychologists. Plaintiff then urges that the confidential communications of a psychologist being on the same basis as those between an attorney and client, the privilege is lost in the instant case because it does not extend to communications involving matters for which the parties have together employed the services of the professional. Evidence Rule 26(2).
*159 There is nothing in either of the acts to indicate that they are mutually exclusive and therefore a person may not properly claim the privilege under either act if he qualifies under the provisions of both acts. In the absence of any statutory language to the contrary it must be presumed that the Legislature did not intend the general application of the later statute, in the area of marriage counseling, to be restricted by the terms of the previously enacted statute in the field of the practice of psychology. See Application of Passaic City Clerk, 94 N.J.L. 384 (Sup. Ct. 1920). In fact, the "Practicing Marriage Counseling Act" specifically provides:
Nothing in this act shall be construed to prevent qualified members of other professional groups such as social workers, psychologists, physicians, attorneys at law, members of the clergy or guidance counselors from doing work of a marriage and family counseling nature consistent with the accepted standards of their respective profession. [N.J.S.A. 45:8B-8; emphasis added]
Plaintiff urges that Ritt v. Ritt, 98 N.J. Super. 590 (Ch. Div. 1968), rev'd on other grounds, 52 N.J. 177 (1968), is applicable. There it was held that a medical doctor specializing in psychiatry was not within the purview of the psychologist's privilege in N.J.S.A. 45:14B-28. At that time no physician-patient privilege existed in New Jersey (see N.J.S.A. 2A:84A-22.1 to 22.7, effective July 19, 1968), and the trial court held that it would not expand the privilege extended by the Legislature to psychologists to include physicians when the Legislature had not seen fit to grant such a privilege in the medical licensing statute. The court held that the physician was not a licensed psychologist, as specified by the statute, and therefore could be required to testify as to his treatment of one of the parties.
It is significant that the privilege under the Marriage Counseling Act, subsequently enacted, unlike that under the Practicing Psychologist Licensing Act, is not limited to one holding a license pursuant to the act, but applies to *160 marriage counselors in general. This court is satisfied that this language used by the Legislature clearly shows an intent to afford the privilege to all marriage counselors, whether they are licensed under the act or whether they are engaged in marriage counseling as part of their practice in another profession pursuant to section 8.
The beneficial and therapeutic results which may be obtained for marital and family relationships through marriage counseling are entitled to such protection. It is well recognized that to obtain the full benefit of counseling, the participants must be able to talk freely concerning their problems. That self-disclosures and the discussion of problems often should be in the presence of the other spouse or other persons has also become recognized as a beneficial part of such sessions. To withhold the privilege here sought would clearly have a chilling effect on the vital freedom of communication between the parties and the therapist, and therefore, in turn, a detrimental effect upon the results which might otherwise be obtained.
The purpose of marriage counseling is to benefit the parties seeking assistance. It would be contrary to that purpose to punish, in effect, such persons by permitting testimony as to statements made during counseling which would otherwise be barred but for the lack of a license on the part of the counselor. The court is satisfied that such was not the intent of the Legislature. Violations of the act are dealt with under section 27.
The privilege under the Practicing Marriage Counseling Act is clearly broader in scope than that of the Practicing Psychologist Act. It applies to all communications, confidential or not, and cannot be waived. It applies to all persons lawfully engaged in marriage counseling pursuant to the provisions of the act, regardless whether they are licensed marriage counselors.
The court therefore holds that Dr. Sugarman, as a psychologist engaged in marriage counseling with the parties at the time the communications in question were made, is *161 privileged from testifying as to them. Whether the privilege may also be invoked in the present factual situation pursuant to N.J.S.A. 45:14B-28 (under the Psychologist's Act) need not be decided at this time.
The subpoena duces tecum served upon Dr. Sugarman will be quashed.