187 N.J. Super. 652 (1982)
455 A.2d 610
JOYCE ROSEGAY AND AVERY ROSEGAY, HER HUSBAND, PLAINTIFFS,
v.
DR. MARK CANTER, DR. EDWARD BRESSMAN, AND DR. IRA ROSS, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided November 23, 1982.
*653 Paul H. Greenberg for plaintiffs.
Mark S. Kundla for defendants (Conway, Reiseman, Bumgardner & Kleinfeld, attorneys).
*654 GRIFFIN, J.S.C.
Plaintiff Joyce Rosegay has brought this dental malpractice action against Drs. Mark Canter, Edward Bressman and Ira Ross. In the complaint and interrogatory answers, and at her deposition, plaintiff charged defendants with causing her "mental anguish, severe depression, severe anxiety attacks, insomnia, nervousness, irritability, personality change ... and misery." Plaintiff also gave information at her deposition concerning psychological treatment she received from a psychologist, Sheila Dansz, and a psychiatrist, Dr. Richard Taylor, concurrent with her dental treatment. Defendants have moved to depose Dansz and Taylor but plaintiff claims that neither is to be called as an expert witness on her behalf and, therefore, any information they could give is privileged. Defendants contend that although a privilege exists, it has been waived by plaintiff. The court agrees.
Defendants seek discovery under R. 4:10-2(a) which permits
... discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...
Thus, under the rule, the court must make three determinations: is it relevant, privileged, and has the privilege been waived?
The information sought is relevant. The test for relevance as set out in Myers v. St. Francis Hospital, 91 N.J. Super. 377 (App.Div. 1966), is whether the matter is useful (at 386), or if it relates to issues in the case or to the credibility of a party (at 387). It need not be admissible itself, so long as it is relevant and can reasonably lead to discovery of admissible evidence. Gureghian v. Hackensack Hospital, 109 N.J. Super. 143 (Law Div. 1970).
In addition to the contentions plaintiff made in her complaint and interrogatories concerning her mental state, she also stated in her deposition that she had first gone to see Dansz because of her husband's and her dentist's concern for her mental stability and the reasons for her pain. She discontinued her treatment with Dansz when the psychologist wanted to institutionalize her. *655 Thus, plaintiff has clearly made her mental condition, both at the time of treatment and currently  an element of her claim. It is also relevant to defendants' defenses that plaintiff's complaints are exaggerated or based on problems that have no basis in dentistry. The testimony of Dansz and Taylor would be useful, would relate to plaintiff's credibility and to the issues in the case, and could reasonably lead to the discovery of admissible evidence of causation of plaintiff's alleged damages.
The more difficult issue concerns the claim of privilege. There is no doubt that a privilege exists between plaintiff and her doctors. However, the issue is whether that privilege has been waived by plaintiff's introduction of her psychological condition as an element of this case.
Plaintiff contends that the patient-psychologist and patient-psychiatrist privileges must be determined separately since they are treated in separate statutes. Plaintiff further contends that under the patient-psychologist privilege of N.J.S.A. 45:14B-28 the privilege is raised to the same degree as an attorney-client privilege, "and nothing in this act shall be construed to require any such privileged communication to be disclosed." N.J.S.A. 45:14B-28. Plaintiff contends that this statutory language exempts the patient-psychologist privilege from any disclosure, even those exceptions statutorily directed at the patient-physician privilege.
The court disagrees. It is obvious from the plain language of the statute that "this act" refers to Title 45 which deals exclusively with "Professions and Occupations," and not to the entire New Jersey statutes. The court must interpret a statute in accordance with its plain and ordinary meaning. Service Armament v. Hyland, 70 N.J. 550, 556 (1976). The statute embodies the Legislature's desire to assure that the patient-psychologist relationship would enjoy the same privileged status as the attorney and client or the physician and patient. There is no rational basis to conclude that the patient-psychologist privilege would be superior.
*656 Furthermore, all privileges are dealt with under Evid.R. 26A. The comment under Evid.R. 26A-1 (the psychologist-privilege) states: "It is unclear whether all of the exceptions and limitations contained in the lawyer-client privilege, Rule 26, are applicable to the psychologist's privilege." The comment cites the difference in language between the psychologist and attorney privileges which limits the patient-psychologist protection:
Note that the psychologists' privilege refers to communications involving a licensed practicing psychologist, whereas the attorney-client privilege may be claimed by one who did not actually deal with an authorized lawyer, but rather dealt only with a person reasonably believed to be an attorney. [Emphasis supplied].
Thus, it is logical to conclude that the anti-waiver clause in N.J.S.A. 45:14B-28 does not apply to statutorily created waivers in other parts of the New Jersey statutes, the court rules, or the rules of evidence, and therefore the psychologist privilege and psychiatrist privilege statute should be construed together even though the Appellate Division declined to make that determination in Kerr v. Kerr, 129 N.J. Super. 291 (App.Div. 1974). In that case the issue before the court was whether the psychologist statute was constitutional. The court held that it was and limited its holding to that issue. Under the facts here, construing these privileges together is necessary to avoid an inconsistent discovery process.
Plaintiff also contends that discovery of treating physicians, not expected to testify, is protected under R. 4:10-2(d), which provides for discovery of experts expected to testify. Since neither the doctor nor the psychologist is expected to testify, plaintiff claims their opinions are not discoverable under the statutory interpretation doctrine that the inclusion of one means the exclusion of another.
The court disagrees. The comment under R. 4:10-2(d) states: "It is the clear intention of this provision that it apply only to experts who will be testifying at trial, leaving parties free to consult with other experts whose opinion is not discoverable." This rule protects the attorney work product, not prior treating *657 physicians who were hired and who treated parties before any litigation began for a condition which became an element of the case.
Plaintiff strongly argued that State v. Kociolek, 23 N.J. 400, 411-417 (1957), supported her contention. However, that case specifically concerned discovery of a doctor hired as an expert in anticipation of litigation whose report was unfavorable. The expert was not used at trial and his report was privileged, not under the patient-physician privilege, but under the attorney-client privilege. The doctor was hired in preparation for the trial.
Since plaintiff's mental condition in 1974, the time of her dental treatment, is at issue, and since plaintiff has claimed that dental malpractice is the cause of her present mental condition, justice dictates that discovery proceed in accordance with defendants' motion to take the depositions of Drs. Dansz and Taylor.