197 N.J. Super. 63 (1984)
484 A.2d 46
PAMELA J. FITZGIBBON, PLAINTIFF,
v.
JAMES R. FITZGIBBON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Ocean County.
Decided September 28, 1984.
*66 Desmond R. Abazia, for plaintiff (Kolibas & Abazia, attorneys).
Ralph E. McKay, for defendant (Ralph E. McKay, P.A., attorney).
COOPER, J.S.C.
The matter comes before the court by way of motion by the husband seeking an order of the court compelling the court-appointed psychological expert to produce test data of both husband and wife, specifically the Minnesota Multiphase Personality Inventory Test, as well as the results of any other testing data utilized by him in rendering his report to the court.
The contemplated use of the report is to aid in the determination of the most appropriate parent to be designated custodian. Previously, a letter had been forwarded from the attorney for the husband, requesting production of this information. No authorization or informed consent of either husband or wife was attached thereto.
In addition, the husband requests the termination of the expert's services, while by the way of cross motion, the wife seeks his retention. The psychological report was presented to the court on the day of hearing and copies have been forwarded to the attorneys for the respective parties. The issue pertaining to the retention of the expert is resolved in favor of the cross complainant. Since the report has already been submitted, the removal of the expert at this point in time would be totally non-productive and only further hinder the resolution of the custody matter and is therefore not in the best interest of the child: See Brotman v. Brotman, 137 N.J. Eq. 514 (E. & A. 1946); D. v. D., 108 N.J. Super. 149 (Ch.Div. 1969); E. v. T., 124 N.J. Super. 535 (Ch.Div. 1973); S. v. H.M., 111 N.J. Super. 553 (App.Div. 1970); DiBiano v. DiBiano, 105 N.J. Super. 415 (App.Div. 1969); Mayer v. Mayer, 150 N.J. Super. 556 (Ch.Div. 1977).
*67 To preserve and protect the child's welfare is the highest calling of the court, E. v. T., supra, 124 N.J. Super. at 540.
There remains for resolution the issue of whether the expert psychologist should be ordered to produce the test data. The expert had refused to do so, claiming the psychologist-patient(s) privilege, which he conceded could be waived, but only by the informed consent of the party should he or she desire. The psychologist-patients privilege was not recognized at common law. It was created by statute.
The confidential relations and communications between and among a licensed practicing psychologist and individuals, couples, families or groups in the course of the practice of psychology are placed on the same basis as those provided between attorney and client, and nothing in this act shall be construed to require any such privileged communications to be disclosed by any such person. N.J.S.A. 45:14B-28, Evid.R. 26A-1.
This privilege has been equated not only with the attorney-clients privilege, as specifically set forth in the statute, but also as analogous to the physician-patients privilege. Rosegay v. Canter, 187 N.J. Super. 652 (Law Div. 1982). However, it does not rise to the level of the marriage-counsellor privilege which is broader in scope, Wichansky v. Wichansky, 126 N.J. Super. 156 (Ch.Div. 1973); Touma v. Touma, 140 N.J. Super. 544 (Ch.Div. 1976). See also N.J.S.A. 45:8B-29, Evid.R. 28A-1.
The overriding principle, the polestar of all decisions, that the best interest of the child must govern in custody actions is axiomatic. See Brotman v. Brotman, supra, 137 N.J. Eq. at 514; D. v. D., supra, 108 N.J. Super. at 149; M. v. K., 186 N.J. Super. 363 (Ch.Div. 1982).
To this ideology, which inherently decrees that when the information sought is relevant evidence which assists in coming to a proper determination of the custody issue, the welfare of the child being the paramount concern, the statutorily created privilege must defer, Callen v. Gill, 7 N.J. 312 (1951); D. v. D., supra, 108 N.J. Super. at 152. In this context, a privilege has been held to be constitutionally infirm, as a matter of due process. See State v. Roma, 140 N.J. Super. 582 (Law Div. *68 1976), where the court in considering the marriage-counsellor's privilege stated, 140 N.J. Super. at 593:
When to sustain the exercise of a privilege, such as that here in issue, would compromise fundamental constitutional rights, judicial recognition of that privilege must be withheld.
See also D. v. D., supra, 108 N.J. Super. at 159, with respect to physician-patient privilege; M. v. K., supra, 186 N.J. Super. at 373, concerning both physician-patient privilege and marriage-counsellor privilege.
The basis or motivation for recognition of a privilege is to encourage freedom of consultation on the part of the patient (client) to protect confidential communications from disclosure.
Their sole warrant is the protection of interests and relationships which, rightly or wrongly, are regarded as of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice. McCormick's Handbook on the Law of Evidence (2d, ed., Cleary, 1972), at 152; Ibid 186 N.J. Super. at 371.
However, balanced against this thesis is the fact that it is absolutely essential that parties know all of the relevant elements utilized by the expert in coming to a conclusion if they are to have a reasonable opportunity to contradict or rebut all or a portion of the expert's evaluation.
The court reasoned in M. v. K., supra, 186 N.J. Super. at 371:
Yet it is inconceivable to us that in promulgating this act, and more particularly the privilege, the Legislature took into consideration the best interests and welfare of the children of the marriage, especially as might affect proper, and indeed, safe custodial placement.
To the disclosure of relevant evidence that will be utilized either by the expert or by the court in determining the custody issue, the welfare of the child being paramount, statutorily created privileges must defer.
Thus it is clear that fundamental policy considerations, in this custody matter, supercede the statutorily devised privilege.
That a privilege is that of the individual and not of the expert and accordingly may be waived only by the person to whom it belongs is the applicable law in the State of New *69 Jersey, State v. Roma, supra, 140 N.J. Super. at 582; M. v. K., supra, 186 N.J. Super. at 370; Touma v. Touma, supra, 140 N.J. Super. at 553.
Therefore, this court holds that although there is no specific case found dealing with the precise issue presented, it can be inferred from the language and rationale of those analyzed that there is no privilege with respect to the production of the Minnesota Multiphase Personality Inventory Test or other test data of the husband and wife upon which the psychologist relies upon in coming to his conclusions concerning custody. This information should be made available to the attorneys for both parties upon request with the following proviso: That the test data must be submitted to the court for an in camera evaluation along with a statement by the expert as to whether or not the specific data was utilized by him in coming to his evaluation. The court should then study the data to see whether it will be used in coming to the court's conclusion with reference to the custody issue. After this evaluation, if the court concludes that the data was not used by the psychologist, nor will it be utilized in coming to the court's conclusion and further that the release of such data would not be in the best interest of the child, such data should not be released. If the data information is used by either the psychologist or the court in coming to its conclusions and its release would be in the best interest of the child, such data should be made available to the husband/wife or both upon request therefore.
Assuming arguendo that a prima facie case of privileged communication is established, due process requires that it be held inapplicable in child custody cases, when the best interest of the child dictates that all relevant information utilized by the expert and by the court be available to all parties. The issue of informed consent is made moot by the above determination.
Motion by defendant compelling production of psychologist's testing data after an in camera evaluation by the court as to *70 its relevancy and its release in the best interest of the child is granted.